LABORDE, Judge.
Plaintiff, Marie Delhomme, instituted this tort suit to recover damages for personal injury sustained in an intersectional collision. Made defendants were Forest Oil Corporation, Lewis Hammett, and American International Insurance Company. Following a trial, judgment was rendered in favor of plaintiff in the sum of $50,000 as general damages. Defendants perfected this appeal seeking a reduction in the award.
The record reveals that on July 13, 1977, plaintiff suffered serious injuries when the car in which she was a passenger was struck by a vehicle driven by Lewis Hammett. According to plaintiff, immediately after the collision she felt pain in her left ankle, right ankle, hip and head. Plaintiff was taken to Lafayette General Hospital where she was examined by Dr. Larriviere, an orthopedic surgeon. The examination revealed that plaintiff had suffered a laceration to her foreheád, a sprained right ankle, a severely fractured left ankle, and contusions to her body.
Dr. Larriviere performed a closed reduction, placing plaintiff’s left leg in a long cast. Plaintiff was released from the hospital on July 20, 1977. Plaintiff was required to wear the long cast for six weeks, during which period she was confined to a bed or a wheelchair. The long leg cast was removed on August 30, 1977 and a short leg cast was applied to plaintiff’s left leg. Plaintiff was then able to ambulate with the support of crutches. The short leg cast remained on plaintiff’s leg for approximately eight weeks. After removing the short leg cast on October 26, 1977, Dr. Larriviere prescribed an ankle brace and physical therapy treatment. Plaintiff’s condition improved significantly in response to physical therapy-
At the trial, plaintiff testified that she had recovered from the injuries to her head, her right ankle, and her hip. However, she stated that following a long walk, gardening activities, or housework her left ankle would swell causing her pain. Although Dr. Larriviere characterized the pain which plaintiff suffered on these occasions as mild, he assigned a 15% disability to plaintiff’s left ankle because of the pain factor. Dr. Larriviere was of the opinion that plaintiff’s condition as of the date of the trial would neither improve nor deteriorate.
Civil Code Art. 1934 provides that, in the assessment of general damages, “much discretion must be left to the judge or jury

In Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977) the court stated:
*930 “We do reemphazise, however, that before a Court of Appeal can disturb an award made by a trial court that the record must clearly reveal that the trier of fact abused its discretion in making its award.”
The principles announced in Coco were reaffirmed in Reck v. Stevens, 373 So.2d 498 (La.1979), wherein the court stated:
“Thus, the initial inquiry must always be directed at whether the trier court’s award for the particular injuries and their effects upon this particular injured person is, a clear abuse of the trier of fact’s ‘much discretion’, La.Civ.C. art. 1934(3) in the award of damages. It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review, for articulated reason, be considered either excessive, Carollo v. Wilson, 353 So.2d 249 (La.1977); Schexnayder v. Carpenter, 346 So.2d 196 (La.1977), or insufficient, Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967). Only after such determination of abuse has been reached, is a resort to prior awards appropriate under Coco for purposes of then determining what would be an appropriate award for the present case.”
In the instant action, plaintiff suffered a serious ankle fracture and other minor injuries in an automobile collision. As of the date of trial, plaintiff had recovered fully except for a residual disability of 15% in her left ankle. The disability was assigned because of the pain suffered by plaintiff after performing certain activities, excessive stooping, extensive walking, etc. However, Dr. Larriviere testified that plaintiff could perform all functions which she had engaged in prior to the accident, although some acts might cause mild pain.
Appellant urges that the trial court award should be reduced “after a review and analysis of the findings, regarding the particular facts and circumstances of the injuries to this particular plaintiff, and the particular effects of the particular injuries upon this particular plaintiff.” Appellant cites Reck v. Stevens, 373 So.2d 498 (La. 1979) and insists that this court conclude that there was in fact an abuse of discretion by the trial court.
We do not agree. We have carefully analyzed the entire record within the parameters set by the Supreme Court in Reck v. Stevens, supra, and conclude that the award of the trial court must stand.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
FORET, J., concurs and assigns written reasons.
SWIFT, J., dissents being of the opinion the award is excessive.
STOKER, J., dissents for the reasons assigned by SWIFT, J.